UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIE TROMBLEY,

    Plaintiff,

v.                                          Case No. 22-cv-11977
                                              Honorable Victoria A. Roberts

R&L CARRIERS SHARED SERVICES,
LLC, et al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL NON-PARTY A.D. TRANSPORT, INC. TO COMPLY WITH SUBPOENA AND AWARDING COSTS

On February 8, 2023, Defendant R&L Carriers Shared Services, LLC ("R&L") served non-party A.D. Transport, Inc. with a subpoena requesting Plaintiff Charlie Trombley's employment/personal records. In a letter, A.D. Transport confirms that Trombley was its employee, and that it received the timely subpoena. A.D. Transport did not file objections to the subpoena as it was required to do under Federal Rule of Civil Procedure 45(c)(2)(B) if it objected. Similarly, A.D. Transport did not move the Court to quash or modify the subpoena as allowed under Rule 45(c)(3).

The single issue before the Court is A.D. Transport's position that R&L must pay $500.00 in administrative fees and costs associated with the processing, retrieving, and copying of records. R&L believes the fee is

1

excessive and asked A.D. Transport to reconsider the fee or demonstrate any undue burden or expense that justified it. A.D. Transport did not change its position or make any showing of undue burden.

On March 24, 2023, R&L moved for an order compelling A.D. Transport to comply with the subpoena and pay R&L's costs and fees associated with bringing this motion. A.D. Transport did not respond to the motion.

It is well established that the responding party must bear the expense of complying with a subpoena, absent some showing of undue burden or expense. Fed. R. Civ. P. 26. *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). Because A.D. Transport is the responding party and fails to demonstrate undue burden or expense, its position that R&L must bear the expense of complying with the subpoena is meritless.

The Court **GRANTS** R&L's motion to compel and awards it cost and fees associated with bringing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A) (mandating that, if a motion to compel is granted, the non-moving must pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees). *See also Nelson v. Ricoh, USA*, No. CV 17-11390, 2018 WL 6728392, at *1 (E.D. Mich. Mar. 1, 2018).

A.D. Transport has until **June 6, 2023**, to comply with the subpoena. R&L does not need to pay A.D. Transport's administrative fees. If A.D. Transport fails to produce the documents and information requested in the subpoena, the Court will consider imposing contempt sanctions under Fed. R. Civ. P. 45(g).

R&L must file a bill of cost to the clerk of the court. The clerk will tax costs under Fed. R. Civ. P. 54(d)(1).

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  5/23/2023